IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,397






EX PARTE TIMOTHY LEE FRANKS, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NO. 3032462 IN THE 403RD JUDICIAL DISTRICT COURT OF
TRAVIS COUNTY





 Per curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq. Applicant was convicted
of the felony offense of murder, and punishment was assessed at ninety-nine years'
confinement. Applicant's direct appeal was dismissed for want of jurisdiction. Franks v.
State, No. 03-05-00670-CR (Tex. App. - Austin, October 20, 2005, no pet.).

 Applicant contends, inter alia, that he was denied his right to appeal. The trial court
entered findings of fact and conclusions of law recommending that Applicant be granted an
out-of-time appeal. We agree. Tex. Code Crim. Proc. art. 26.04 (j) (2), requires appointed
counsel to "represent the defendant until charges are dismissed, the defendant is acquitted,
appeals are exhausted, or the attorney is relieved of his duties or replaced by other counsel". 
The duty to perfect an appeal attaches whether counsel is appointed or retained. See Ex parte
Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). Knowing that Applicant wanted to appeal,
trial counsel had the duty to timely file a motion for new trial or give timely notice of appeal,
unless relieved by the trial court or replaced by other counsel. Because of trial counsel's
failure to apprise the trial court of Applicant's desire to appeal until just before the appellate
deadline, appellate counsel was not appointed until four days before that deadline. Appellate
counsel then failed to confirm whether or not notice of appeal had already been filed.

 Habeas corpus relief is granted and Applicant is granted an out-of-time appeal from
his conviction in cause number 3032462 from the 403rd District Court of Travis County. 
The proper remedy in a case such as this is to return Applicant to the point at which he can
give notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all time
limits shall be calculated as if the conviction had been entered on the day that the mandate
of this Court issues. We hold that Applicant, should he desire to prosecute an appeal, must
take affirmative steps to see that notice of appeal is given within thirty days after the mandate
of this Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).

DO NOT PUBLISH

DELIVERED: May 10, 2006